UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:16-cv-2768 CKD P<br><br><br><br>ORDER |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Plaintiff names three defendants: CDCR, Lancaster State Prison, and California Medical Facility.  (ECF No. 1.)  He alleges that, after water collected in his cell, he slipped and hit his head and did not receive medical attention.  (Id.)  He also alleges that he was denied clothes for winter weather.  (Id.)  Plaintiff alleges that these events occurred between June and October 2016.  (Id. at 2-3.)

On the portion of the civil action form concerning exhaustion of remedies, plaintiff indicates that he filed a grievance concerning the facts relating to his claim, but does not know whether the grievance procedure is completed.   (Id. at 2.)  Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")).  A prisoner must exhaust his administrative remedies before he commences suit.  McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Unexhausted claims are subject to dismissal, though in rare cases administrative remedies are "effectively unavailable" to plaintiff so as to exempt him from the exhaustion requirement.  See Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010).

Because plaintiff brought suit against the defendants on November 22, 2016, he is required to have completed the inmate appeals process as to his claims by that date.  See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his

grievances unredressed."); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.").

As it appears his claims are unexhausted, plaintiff's complaint will be dismissed. However, plaintiff will have one opportunity to amend the complaint. In any amended complaint, plaintiff may explain why administrative remedies for his claims were "effectively unavailable" prior to filing suit[1] or any other reason his claims should not be dismissed for non-exhaustion.

III.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is advised that CDCR and the two state prison defendants are immune from suit under the doctrine of sovereign immunity. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). The State of California has not consented to suit. Moreover, the doctrine established in Ex parte Young, 209

---

[1] An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

1  U.S. 123 (1908), providing an exception to Eleventh Amendment immunity for suits against state
2  officials seeking prospective equitable relief, is limited to claims against individual state officials
3  and does not extend to agencies. Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir.
4  2002) (explaining that even in a suit seeking prospective relief in the mold of Ex parte Young,
5  "state agencies are immune from suit because they are state entities, not individual state
6  officers"). Thus any claims against these state agencies must be dismissed.

7  Plaintiff is informed that the court cannot refer to a prior pleading in order to make
8  plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be
9  complete in itself without reference to any prior pleading. This is because, as a general rule, an
10 amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th
11 Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any
12 function in the case. Therefore, in an amended complaint, as in an original complaint, each claim
13 and the involvement of each defendant must be sufficiently alleged.

14 IV. Injunctive Relief

15 Finally, plaintiff has filed a request for injunctive relief. (ECF No. 10.) As the complaint
16 is subject to dismissal for the reasons set forth above, plaintiff's motion for injunctive relief will
17 be denied at this time. However, plaintiff may renew his motion for injunctive relief along with
18 the filing of any amended complaint.

19 In accordance with the above, IT IS HEREBY ORDERED that:

20 1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

21 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees
22 shall be collected and paid in accordance with this court's order to the Director of the California
23 Department of Corrections and Rehabilitation filed concurrently herewith;

24 3. Plaintiff's complaint is dismissed;

25 4. Plaintiff is granted thirty days from the date of service of this order to file an amended
26 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
27 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
28 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action; and

    5. Plaintiff's request for injunctive relief (ECF No. 10) is denied without prejudice to renewal along with an amended complaint.

Dated: January 5, 2017

/s/ Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mill2768.14.new